# Cassey *versus* Smith.

*Construction of Will.— Testamentary Trust limited by the terms of the Devise to the life of the Trustee.*

A testator who died in 1848, had devised to each of his five children a house and lot, and gave to another, born about the date of the will, a legacy of $3000, and appointed his widow trustee during her natural life, to collect the rents, issues, and profits of the rest, residue, and remainder of his real estate, as also of the property devised to his children before they came of age, and apply the same to the payment of interest of encumbrances on every part of his real estate, support the widow during life, maintain and educate the children during their minority, and apply the residue, if any, to paying the principal of the said encumbrances. The widow acted as trustee until 1850, when she married and removed from the state. Another trustee was appointed in her stead by the Orphans' Court in 1851. In 1856 the widow of testator died, whereupon one of the children brought suit against the new

[Cassey *v.* Smith.]

trustee for his share of the income of the property which accrued after her death.   *Held,*

1. That the trust created by the will terminated at the death of the widow of testator.

2. That the will contemplated a division of the property among the devisees at her death, at which time each devisee was to become the exclusive owner of the property given to him or her under it, and that consequently the plaintiff was entitled to no part of the income arising from the property given to the children who were minors when that event occurred.

ERROR to the District Court of *Philadelphia.*

This was an action of *assumpsit,* brought in the court below by Joseph W. Cassey, a son of Joseph Cassey, deceased, against Stephen Smith, who was a trustee, appointed in the place of Mrs. Amy Matilda Cassey, widow of said Joseph Cassey, deceased, to whom certain real estate had been devised by her husband in trust.

The declaration contained the common counts, with the following endorsement in the nature of a bill of particulars, viz.: "The plaintiff claims one-sixth of all the rents, issues, and profits arising out of the estate of Joseph Cassey, deceased, since the 16th day of August 1836."

The defendant pleaded *non assumpsit,* set-off, and payment with leave, &c.

The case was this: Joseph Cassey died in January 1848, having first made his last will and testament, and leaving a widow, Amy Matilda Cassey, and six children, then of the following ages, to wit: Joseph aged 21½ years, Alfred aged 20 years, Peter aged 16 years, Sarah aged 14 years, Henry aged 7 years, Francis aged 3 years.

The testator devised specifically to each of his five children first above named, a house and lot; and to Francis, the youngest child, born about the time of the date of the will, he devised no real estate, but bequeathed to him specifically the sum of $3000, in lieu of real estate, and to place him on an equality with the others.   The testator appointed Amy Matilda Cassey the trustee of the rents and profits of the "rest, residue, and remainder" of his estate, as well as of the rents of the properties specifically devised to his children before they attained majority.   The clause of the will containing such directions is as follows, to wit: "Seventhly, all the rest, residue, and remainder of my real estate, I give and devise to my said wife, Amy Matilda Cassey, for and during her natural life, in trust, to lease, take care of, and manage the same, and to collect and receive the rents, issues, and profits thereof, and to appropriate and apply the income of the same, together with that accruing from the properties hereinbefore devised to my said children before they come of age, in manner following, that is to say, in the first place, to the payment of the interest of the encumbrances on all and every part

[Cassey v. Smith.]

of my real estate, and the ground-rents as they become due. In the second place, to the comfortable support of her my said wife during her life, and for the suitable maintenance and education of my said children during their minority. And in the third place, if there be any residue, to pay off with the same as far as it will go, the principal of the above-mentioned encumbrances, if not paid off by the proceeds of the personal property."

Upon the testator's death Amy Matilda Cassey became trustee, and acted as trustee until her marriage with C. L. Remond, and her removal to the state of Massachusetts in December 1850: whereupon, on petition to the Orphans' Court of the county of Philadelphia, Stephen Smith was appointed trustee in her place and stead, who on the 17th of January 1851 assumed the duties of the trust, which he continued to discharge until the present time.

On the 16th day of August 1856, Mrs. Remond, formerly Mrs. Cassey, died, and the plaintiff below, who is one of the children of Joseph Cassey, the said testator, instituted this suit to recover his proportionate share of the rents and profits of the said property devised in trust as aforesaid, from the date of the death of Amy M. Remond, on the ground that the trust created by the will of the testator terminated with her death.

On the trial, the plaintiff below called for the production of the books of account of the defendant relating to the receipt by him of all the rents, issues, and profits arising from the estate of Joseph Cassey, deceased; the account was produced accordingly, which included among the receipts the rents of the house specifically bequeathed to Henry Cassey, who was then and still is a minor.

The learned judge was asked by defendant to charge—

1. That the 7th section of the will of Joseph Cassey, together with the codicil, and general scheme of the same, was indicative of an intention that the defendant should continue to receive the rents and profits of the estate until the youngest child attained majority.

2. That, if the remainder and residue of the estate was to be divided on the death of the testator's widow, and not upon the youngest child attaining full age, then the rents of the house specifically devised to Henry (a minor), and the interest of $3000 also specifically devised to Francis (a minor), should be deducted from the balance in the defendant's hands before the plaintiff's distributive share is ascertained.

A verdict was rendered in favour of the plaintiff below for one sixth part of the difference between the amount of all the rents received, and the expenditures made, as disclosed by the account

[Cassey *v.* Smith.]

produced; the learned judge refusing to charge as he had been requested by the counsel for the defendant below.

The defendant thereupon sued out this writ, assigning for error here the refusal of the court below to affirm the points submitted on the trial.

*Edward Hopper* and *Charles Gibbons*, for plaintiff in error.— 1. That the intention of the testator was that the trustee should receive the rents and profits of the estate until the youngest child attained its majority, is evident from the disposition made by him of the realty. The devise to each of his children of real estate is controlled by the direction that until each shall attain the age of twenty-one, the rents and profits shall be received by Mrs. Cassey, placed in the common fund produced by his real estate, to be applied as provided in section 7 of his will. As each child attains his or her majority, the property devised vests in possession, the claim on the common fund ceasing at the same time. Although the devise is in words for life, in trust, &c., yet the objects for which the trust was created, and the continuing duties imposed on the trustee, negative the idea that it was the intention of the testator to make its continuance depend on the life of the trustee. The law will therefore maintain it, and not suffer it to fail on that account. Trusts may be created with this limit, but there is nothing in the character of the trustee nor in the duties imposed on her, which is at all peculiar. The duties imposed are those of ordinary trustees. The fact that the will directs the rest and residue of his estate to the five children on the death of his wife, is not adverse to this view, because it is plain that testator supposed that she would live to see his family grown, and that then the distribution should take place. The bequest of $3000 to Francis in lieu of a specific devise is a confirmation of this view of the testator's intention; the personal estate having been exhausted by him, this bequest to Francis was a charge on his real estate, a division of which before Francis had attained his majority could hardly be intended, because he could not meantime be maintained and educated without touching the principal, which was so carefully guarded for the other children during their minority.

2. The second point of defendant should have been affirmed by the court below. If a division was to take place at the death of Mrs. Remond, the rent of the house devised to Henry and the interest of the $3000 bequeathed to Francis should be deducted from the balance in hand before plaintiff's share could be ascertained.

The real estate devised was the fund out of which the children were to be supported during minority. To allow the elder of them, as they attained full age, to divide this fund, having first

[Cassey v. Smith.]

had the advantage of it during their minority, and divide also the rents accruing from the separate property of the minor children, and leave them without any means for their education and support, would not be "placing them on a footing of equality with the other children."

*Wm. Henry Rawle* and *L. Stover*, for defendant in error.—
1. The devise is to the wife *during her natural life, in trust*, &c. Upon her decease the residue is given to *my five children and their heirs*, and in another clause he provides that, in case of the death or marriage of his wife, "Stephen Smith shall be *guardian* of said minor children in her stead." The right of a guardian to administer property devised in trust to educate, maintain, and support a minor, is superior to that of a trustee: Kuhn *v.* Newman, 2 Casey 227. Notwithstanding the modifications, if there be any, in Kay *v.* Scates, 1 Wright 31, there is nothing in this case to induce the court to prolong a trust of which the beneficiary is a male adult, for a period of nineteen years after his majority.

The rent of Henry's house and the interest of Francis's $3000 can be reserved for them and received by their guardian. The legal estate of the residue of testator's estate will then be vested in the remaining four children: Jones *v.* Lord Saye and Sele, 3 Brown P. C. 458; 1 Eq. Cas. Abr. 383; Rush *v.* Lewis, 9 Harris 72. There are no words giving her an estate in fee, only for life, which is not to be enlarged by implication, if the purposes of the trust can be answered by the inferior estate: Doe *v.* Simpson, 5 East 162.

2. The result claimed by the plaintiff in error in the second point submitted, may result from this view of the case, and on this point the opinion of this court is desired.

The opinion of the court was delivered, February 14th 1861, by
STRONG, J.—We cannot doubt that the trust created by the will of the testator terminated at the death of Mrs. Remond. The language of the will is too direct and positive to be overridden by a mere implication. The devise was to the widow in trust "for and during her natural life," and the real estate thus devised was given, "upon her decease," to the children in fee. The trust was in part for the comfortable support of the widow during her natural life, and for the suitable maintenance and education of the testator's five elder children during their minority. By a codicil to his will, he gave to Francis, a newly-born child, an equal share with his other five children in the property devised to the widow in trust, and added, "it being my will that in respect to his share of my estate, and the time and manner of his receiving and holding the same, his rights of survivorship,

[Cassey *v.* Smith.]

and his maintenance and education, he shall in all respects be placed on a footing of equality with my other children." From this the argument is that the trust must continue until Francis shall attain his majority, else the intended equality of maintenance and education fails. It would be going very far, were we to hold that this continued the trust after the death of the widow, in opposition to the expressed limitation, and it is to be observed that the construction contended for would result in inequality, perhaps even greater than that of which the plaintiff in error complains. It would give to the youngest child much longer support out of the trust funds than could be claimed by the other children. It is quite evident that the equality of which the testator spoke was not equality in the periods of time during which the minor children should be entitled to maintenance and education out of the rents, issues, and profits of the trust estate, but rather equality of interest during the continuance of the trust. He had given to each of his other children a house and lot, of which they were to come into the exclusive enjoyment as they successively should arrive at full age. To Francis he gave no house and lot, but $3000 as equivalent thereto, payable on his arrival at majority. He had also made provision for survivorship in case any of his children should die in their minority, unmarried, without issue. Then it was that he devised to Francis an equal share in the remainder devised to his wife for life in trust. This was his mode of producing equality in the specific devises in the manner and time of enjoyment, in the rights of survivorship, and in the beneficial interests in the trust fund. We do not discover any necessary implication that the trust was designed to continue until the youngest child shall come of age. The implication must be an inevitable one, that would justify striking out of the will the express intimation which it contains. Our opinion therefore is, there was no error in refusing to affirm the defendant's first point.

But we think that the plaintiff was not entitled to recover any part of the rents of Henry Cassey's house, or of the interest upon the $3000 bequeathed to Francis, which fell due or accrued after the death of the widow. When the trust terminated, the plaintiff below had no rights in the rents of the one or the interest upon the other. Then the will contemplated division. Then Henry became the exclusive owner of the house devised specifically to him, with all its rents and issues, and then the right of Francis to have $3000 raised for his exclusive use, out of the residuary estate, was complete. To the second point of the defendant below, he was therefore entitled to an affirmative answer. But the record shows that no part of the rents or interest belonging to Henry or Francis was recovered. The

[Cassey v. Smith.]

plaintiff in error was, therefore, not injured by the refusal to affirm his second proposition.

The judgment is affirmed.

The same judgment was entered in two other cases connected with the same estate.